UNITED STATES DISTRICT COURT  **JS-6**
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No.   2:11-cv-08203-JHN –PJW                                  Date:  October 12, 2011

Title:  The Bank of New York Mellon v. Lino B Pua et al

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:
Not Present                                              Not Present

**Proceedings:** ORDER REMANDING TO LOS ANGELES SUPERIOR COURT
(In Chambers)

On October 3, 2011, Defendants removed this action to federal court from the Los Angeles Superior Court.  However, the jurisdictional allegations appear defective.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"  28 U.S.C. § 1441(a).  However, the Court may remand a case to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-08203-JHN –PJW                                    Date:  October 12, 2011

Title:  The Bank of New York Mellon v. Lino B Pua et al

has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).  Here, although Defendants allege that the claims arise under federal law, the Complaint's only cause of action is for unlawful detainer in violation of California Code of Civil Procedure § 1174(b).  (Notice of Removal at 3-4.)  No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading.  Therefore, no federal question jurisdiction exists.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  The Complaint itself states clearly that "the demand does not exceed $10,000."  (Compl. at 1.)  As a result, Defendants present no basis for why the amount-in-controversy requirement is met.  Therefore, no diversity jurisdiction exists.

Ultimately, because no federal question or diversity jurisdiction exists, Defendants fail to meet their burden of establishing federal jurisdiction.  Accordingly, the Court hereby REMANDS this matter to the Los Angeles Superior Court.

IT IS SO ORDERED.

                                                                                          ___: N/A
                                                                        Initials of Preparer    AM